**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

UNITED STATES OF AMERICA

v.     NO. 4:05cr77

IVAN LELANE SMITH,

      Defendant.

<u>ORDER</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on September 23, 2005, on the United States Government's Motion to Detain the defendant. The Court FINDS that the following facts mandate the defendant's detention pending his trial.

On September 13, 2005, a federal grand jury issued an indictment charging the defendant with: one count of distribution of four grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of distribution of five grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A presumption in favor of detention applies in this case because each of the drug offenses involves violations of the Controlled Substances Act, 21 U.S.C. §§ 801-864, with a maximum prison term of ten years or more. <u>See</u> 18 U.S.C. § 3142(e). The

defendant is also subject to criminal forfeiture, pursuant to 21 U.S.C. § 853, if convicted of either of the drug charges by evidence beyond a reasonable doubt.

Both parties proceeded by proffer of evidence and offered argument.  The Court, having taken into consideration the proffers of counsel, the pretrial services report, the grand jury indictment of September 13, 2005, and the statutory presumption in favor of detention, FINDS by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that he represents a risk of flight.  The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community and the defendant's appearance for future proceedings.

The Government's evidence indicates that on two separate occasions the defendant sold drugs to an undercover police officer under controlled circumstances, that the officer was available to testify, if necessary, and that the defendant admitted to possession of a firearm after having been convicted of a felony carrying a term of imprisonment of more than one year.  The Court notes that the defendant did proffer evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether the defendant should be detained. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985).

The Court considered the nature and seriousness of the charges faced by the defendant. The defendant stands accused of three significant felony offenses for distribution of controlled substances and felony possession of a firearm by a convicted felon. The defendant is faced with sentences of up to twenty years and forty years, respectively, on each of the drug charges and a sentence of up to ten years on the firearms charge, if convicted upon evidence beyond a reasonable doubt.

The weight of the evidence against the defendant is strong. According to the Government's proffered evidence, the defendant sold controlled substances to undercover police officers on two occasions, and the defendant admitted to possession of a firearm after having been convicted of a felony.

The Court next considered the history and characteristics of the defendant. The defendant has an extensive criminal record with multiple felony and misdemeanor convictions, including possession and sale of narcotics, driving with a suspended license, eluding police, failure to stop at the scene of an accident and reckless driving. The Court notes that the defendant's record includes a number of narcotics convictions, he tested positive for cocaine and marijuana in January 2005 and that he admits to daily use of marijuana and weekly use of cocaine until May 2005. The defendant has limited ties to this community, having lived most of his life in North Carolina where his mother and sister both live. The

defendant apparently lived in Hampton, Virginia for only fifteen months until he was arrested in May 2005, and he continues to maintain weekly telephone contact with his family in North Carolina. The defendant's mother was willing to serve as a third-party custodian and would allow the defendant to be electronically monitored from her home in North Carolina, where she lives with her husband and their ten-year old daughter. The defendant has no income or assets, and his only liability is approximately $9,000.00 in unpaid student loans. The defendant has limited employment history, which includes work as a laborer in January 2005 earning ten dollars per hour until his arrest in May 2005. The Court notes that the defendant apparently was attending college on a partial academic scholarship from 1998 to 1999 until he was suspended by the college for poor academic performance in 1999.

The defendant's criminal record includes one year of supervised probation from a drug felony possession on January 6, 2005. In addition, the defendant has seven felony and misdemeanor charges pending from his arrest in May 2005 in the City of Hampton, Virginia, from which he was released on a surety bond, with a court date of November 14, 2005. The defendant's state probation officer noted the defendant's failure to report as directed on April 11, 2005 and May 9, 2005, and that any charges stemming from those violations will be brought after the resolution of the pending federal and state charges.

The Court considers the defendant to pose a danger to the community due to his apparent continued involvement in the distribution of drugs and given his continued pattern of reckless behavior. The Court notes that the cost of having to defend against the charges facing him provides the defendant with an incentive to continue dealing drugs if released. See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of the charges, the potential for pretrial recidivism exists in accused drug dealers). The Court also notes that the defendant has proved not to be amenable to supervised release given that he was arrested in this instance while he was on supervised probation and had been released on a bond from other pending charges against him.

The Court also considers the defendant to be a risk of flight due to his limited ties to this community and his convictions for eluding police, failure to stop at the scene of an accident and reckless driving. If convicted at trial upon evidence beyond a reasonable doubt, the defendant faces up to seventy years in prison and fines in excess of three million dollars. When combined with the weight of the evidence, the penalties faced by the defendant provide him with an incentive to flee if released.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that the defendant represents a danger to the community and by a preponderance of the evidence that

he represents a risk of flight.  The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant.

The Court, therefore, ORDERS the defendant DETAINED pending his trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i)

the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

ENTERED this 23rd day of September, 2005.

```
                                          /s/
                                  _____
                                  F. Bradford Stillman
                                  United States Magistrate Judge
```